## JAMES BOYD *v.* J. M. FRANTOM.

The right of a minor emancipated by marriage, to contract debts within the amount of his annual revenues, is not affected by the fact that the minor ran away and contracted marriage without the consent and against the will of the tutor.

APPEAL from the District Court of the Parish of Ouachita, *Richardson, J. Todd & Brigham*, for plaintiff. *J. T. Ludeling*, for defendant.

LAND, J. This is a suit on a promissory note for three hundred dollars, and the interest thereon. The defence is *minority*, and is pleaded by the administrator of the succession of the minor, deceased.

*Reuben Frantom*, the maker of the note, was twenty years of age on the 13th of January, 1857, and was emancipated by marriage prior to the date of the note, to-wit, the 9th of September, 1857, and his annual revenue was between three and four thousand dollars.

The only question in the case is, whether he had the legal capacity to bind himself by the promissory note in controversy.

A minor is emancipated of right by marriage, and has the full administration of his estate; he may pass all acts confined to such administration, grant leases, receive his revenues, and monies, and bind himself legally by promise or obligation, for any sum not exceeding the amount of one year of his revenues. C. C., Arts. 367, 373, 374.

The emancipated minor is not only legally capable of binding himself, as above stated, but has no right to claim a restitution for a mere lesion against obligations or promises which do not exceed the amount of one year of his revenue. C. C., Art. 375.

It is, however, contended, that as the minor ran away, and contracted marriage without the consent and against the will of his tutor, his right to contract debts within the amount of his annual revenue did not attach or vest in him, and that the note did not impose on him any legal obligation to pay the same.

The authorities cited by defendant's counsel do not go to the extent contended for, nor do we perceive any sufficient reason why they should; besides, the evidence does not show affirmatively, that the marriage was without the consent or against the will of the tutor, but is left to inference from the act of running away, which may or may not be correct, as opposition on the part of the wife's family may have been the cause of it, as well as opposition on the part of the tutor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be reversed; and it is now ordered, adjudged and decreed, that the plaintiff do have and recover from the defendant in his representative capacity, the sum of three hundred dollars, with eight per cent. per annum interest thereon, from the 9th day of September, 1857, to be paid in due course of administration, with costs of both courts.